IN THE CIRCUIT COURT OF FIFTH JUDICIAL CIRCUIT
IN AND FOR CITRUS COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.: 5:14cv177 Oc10 PRL

CURTIS H. KEMPTON, INDIVIDUALLY;

   Plaintiff,

v.

TAYLOR BEAN & WHITAKER MORTGAGE COMPANY,
CENLAR FSB,
FREDDIE MAC,

   Defendant(s).
_____/



3-21-14  FILED 3:50 pm
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## COMPLAINT

Plaintiff, CURTIS H. KEMPTON, OF THE KEMPTON REVOCABLE FAMILY TRUST by and through his undersigned attorney, hereby files this Complaint to Quiet Title and for Other Relief pursuant to Fla. Stat. § 65.016, and allege in support thereof as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over the parties and the subject matter. All parties necessary to the determination of this cause have been duly joined as defendants.

2. Jurisdiction and Venue are proper because the real estate that is the subject of this complaint is situated in Citrus County, Florida. *Fla. Stat. § 47.011*

### PARTIES

3. Plaintiff, CURTIS H. KEMPTON, is an individual who presently resides in Citrus County, Florida, who is over the age of eighteen (18).

4. Defendant FREDDIE MAC, Is a foreign corporation doing business in Citrus County Florida. FREDDIE MAC may claim a security interest in the property located at: 1960 S. Connie Pt., Lecanto, Florida, Citrus County, Florida.

5. Defendant CENLAR FSB, Is a foreign corporation doing business in Citrus County, Florida. CENLAR FSB may claim a security interest in the property located at: 1960 S. Connie Pt., Lecanto, Florida, Citrus County, Florida.

6. Defendant TAYLOR BEAN & WHITAKER MORTGAGE COMPANY, Is a foreign corporation doing business in Citrus County, Florida. TAYLOR BEAN & WHITAKER MORTGAGE COMPANY may claim a security interest in the property located at: 1960 S. Connie Pt., Lecanto, Florida, Citrus County, Florida.

## FACTUAL ALLEGATIONS

7. Plaintiff, CURTIS KEMPTON, OF THE KEMPTON REVOCABLE FAMILY TRUST, is the rightful owner of the property commonly known as 1960 S. Connie Pt., Lecanto, Florida, Citrus County, Florida., (the "Property"), and legally described as follows:

> THE EAST 1/2 OF THE SW 1/4 OF THE SE 1/4 OF THE SW 1/4 OF SECTION 9, TOWNSHIP 19 SOUTH, RANGE 18 EAST, LESS 25 FEET ON THE NORTH SIDE AND THE EAST SIDE ROAD EASEMENT, LYING AND BEING IN CITRUS COUNTY, FLORIDA, BEING MORE FULLY DESCRIBED AS METES AND BOUNDS PROPERTY AS SET FORTH IN DEED BOOK 1376, PAGE 2297, DATED 07/05/2000 AND RECORDED 08/07/2000 IN CITRUS COUNTY, RECORDS. (referred to as Property)

8. The Property is a single family residence.

9. Plaintiff is the sole legal title holder of the Home by virtue of a Warranty Deed recorded in Public Records of Citrus County, Florida, Book 2468, Page 1070, Instrument Number

2012011307, on March 13, 2012. A true and correct copy of said Warranty Deed is attached. This is evidence of the Plaintiff's valid title in the Property as required under Florida Law. (attached hereto and made a part hereof Exhibit A)

10. On December 18, 2008, Plaintiff signed an alleged Note and Mortgage with TAYLOR BEAN & WHITAKER MORTGAGE CORP., ("Taylor Bean & Whitaker") mortgage is recorded in Public Records of Citrus County, Florida in Book 2264, Page 2422, Instrument Number 2009003774 on January 27, 2009. (Mortgage attached hereto and made a part hereof as Exhibit B)

11. On October 31, 2012, MERS assigned the Mortgage on behalf of TAYLOR BEAN & WHITAKER MORTGAGE CORP to CENLAR FSB and recorded an Assignment of Mortgage in the Official Records of Citrus County, Florida, Book 2514, Page 1603, Instrument Number 2012049407 recorded on November 8, 2012. (Attached hereto and made apart hereof Exhibit C).

## MISREPRESENTATION

12. Plaintiff re-alleges and affirms each preceding paragraph of this Complaint and incorporates such as if alleged anew.

13. At all times material hereto, Defendant Cenlar FSB, had actual knowledge that its written statements, as to alleged ownership of the Plaintiff's mortgage loan and legal entitlement to demand monies from Plaintiff, were false statements of material fact, which were false when made, and known by said Defendant to be false when made.

14. At all times material hereto, Defendant Cenlar FSB, made subject false statements with the specific intent that Plaintiff rely thereon and with the separate specific intent, which was unknown to the Plaintiff at the time, to defraud the Plaintiff.

15. Plaintiff, not being in the mortgage lending or mortgage loan acquisition businesses, reasonably relied upon the written statements of Defendant CENLAR FSB and acted thereon, including but not limited to paying monies to said Defendants when demanded thereby.

16. As a direct and proximate result of the action and course of conduct of Defendants, Plaintiff has suffered damages.

17. Plaintiff relied wholly upon the Defendant, Cenlar FSB, having "clean hands," operating in "good faith" and providing Plaintiff full complete and truthful disclosure of the entire transaction.

18. Upon information and belief, Taylor Bean & Whitaker from whom Defendant Cenlar FSB obtained whatever interest it has, never gave Plaintiff a loan.

19. A close perusal and audit of Defendant's and Taylor Bean & Whitaker's internal accounting records will provide sufficient evidence to support the following conclusions:

   a. That Defendants' TAYLOR BEAN & WHITAKER and CENLAR FSB used acts of, including, but not limited to, fraudulent inducement, fraudulent misrepresentation and fraudulent intent in its claim to have loaned its money to Plaintiff; *Id.*

   b. That Defendants' did not fulfill its original promise and agreement to lend its own money; *Id.*

   c. That Defendants' did not sacrifice or contribute anything of intrinsic value or incur any risk in the formation or outcome of the loan transaction;

   d. That Defendants' did not contribute any lawful consideration to underlying loan;

e. That Defendants' arbitrarily and discretely stole Plaintiff's promissory note, claimed it as its own, and converted the same to a negotiable instrument and deposited it for the Defendant's sole benefit, use and gain;

f. That Defendants' further compounded its wrongful and fraudulent actions by inducing Plaintiffs to sign the purported MORTGAGE thereby granting additional third parties undeserving control, benefit and interest in Plaintiff's personal property, all under the guise of "necessity;"

g. That the promissory note, purported MORTGAGE and other loan documents between Defendants', its agents and assignees and Plaintiff does not constitute a lawful binding contract due to the acts of misfeasance, malfeasance, and nonfeasance as more particularly outlined above;

h. That any "contract" between Defendants', its agents and assignees and Plaintiff would be unconscionable and unilateral in its very nature; and

i. That Plaintiff was never provided full, complete, and truthful disclosure regarding all financial instruments Plaintiff was compelled to sign, nor fully arise of the very nature and exact particulars of the Defendants' entire loan process.

20. For all of the reasons set forth above and throughout this Complaint, the promissory note, purported MORTGAGE and other loan documents signed by Plaintiff, have no legal force or binding effect, and the same in fact are null and void.

## CONSPIRACY TO DEFRAUD

21. Plaintiff re-allege and affirms each preceding paragraph of this Complaint and incorporate such as if alleged anew.

22. TAYLOR BEAN & WHITAKER MORTGAGE CORP., had released all interest in the

mortgage. Slanders of title have arisen regarding unrecorded claims in the chain of title due to the use of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), as Mortgagee Nominee (as Agent for TAYLOR BEAN & WHITAKER MORTGAGE CORP.), and eventual transfers of the loan to Defendant FREDDIE MAC, and securitization without recorded assignments of the mortgage. This action is to determine the validity of the mortgage as to any unrecorded assignees over a period of years. The chain of title is broken, making full title insurance impossible and a difficult sale of the home without this Quiet Title Action. The facts of this case are outlined below:

23. The Assignment of Mortgage, conveying the Mortgage from TAYLOR BEAN & WHITAKER MORTGAGE CORP. to CENLAR FSB is an attempt to commit fraud and to take Plaintiffs' home.

24. This example of filing fraudulent documents, in the Public Records of Citrus County, is an attempt to defraud Plaintiff.

25. Plaintiff alleges and invokes the Doctrine of Unclean Hands as to the Defendant CENLAR FSB, or the person or entity that assigned the alleged claim to Plaintiff's property, acted in a dishonest or fraudulent manner with respect to Plaintiff's property.

26. The Assignment of the Mortgage ostensibly prepared and filed on November 8, 2012 in Marion County contains "robosigned" signatures and questionable notary executions. Robosigning is widely frowned upon in the mortgage/ foreclosure industry as illegal. Robosigning is currently the subject of criminal sanctions and significant civil litigation settlements across the United States.

27. The assignment of the mortgage to CENLAR FSB from TAYLOR BEAN & WHITAKER is invalid. TAYLOR BEAN & WHITAKER was shut down in 2009. MERS cannot have

an agency relationship with a dead company.

28. Plaintiff alleges that all people who signed the assignment are employees of CENLAR FSB.

29. The Defendant CENLAR FSB's actions, in attempting to perfect its secured status in the Property, constitute a fraudulent transfer pursuant to 11 U.S.C. § 548, which actions sought to hinder, delay, or defraud other creditors of the estate.

30. *Fla. Stat. § 673.3021* Holder in due course.—

(1) . . . [T]he term "holder in due course" means the holder of an instrument if:

(a) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and

(b) The holder took the instrument:

1. For value;
2. In good faith;

31. The Assignment was not executed as part of any bona fide transfer of an interest in the subject mortgage contract or note but rather was prepared solely for purposes of litigation, and is void and has failed to transfer any interest.

32. Fla. Stat. § 831.02 Uttering forged instruments.—Whoever utters and publishes as true a false, forged or altered record, deed, instrument or other writing mentioned in s. 831.01 knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

33. Plaintiff questions the authenticity and validity of the signatures of all parties, therefore requiring all parties to provide evidence of authenticity and validity for any and all

signatures on any and all documents and/or pleadings, pursuant to *Fla. St. Ch. §673, et seq.*

34. Pursuant to, *inter alia Fla. Sta. §119.10, Fla. Stat Ch. §831, Fla. Stat. Ch. §697, Fla. Stat §689 & §695,* Plaintiff questions the authenticity and validity of all recorded and/or notarized documents, See *Id.*

35. Plaintiff requested information from the Defendants regarding the purported loan on several occasions and Defendants have refused to respond.

36. Plaintiff has exhausted all administrative remedies.

37. Plaintiff has examined Public Records of Citrus County, Florida and other information available and states that upon information and belief, Plaintiff alleges that fraud has been committed relating to the purported loan. Plaintiff asserts that the note and mortgage were transferred to Freddie Mac in 2008, (although no assignment of mortgage showing the transfer has been recorded) and that CENLAR FSB has no interest in the note and mortgage.

## BREACH OF CONTRACT

38. Plaintiff re-allege and affirms each preceding paragraph of this Complaint and incorporate such as if alleged anew.

39. Plaintiff alleges any change in the Lender that would hold a security interest or lien in a property must be recorded as required by Florida Statutes 701.02(1).

## THE MORTGAGE DOES NOT SECURE THE MORTGAGE NOTE

40. Plaintiff re-allege and affirms each preceding paragraph of this Complaint and incorporate such as if alleged anew.

41. Plaintiff alleges the note and mortgage were separated at settlement when the Lender, TAYLOR BEAN & WHITAKER MORTGAGE CORP "nominated" MORTGAGE ELECTRONIC REGISTRATION SYSTEMS as "Mortgagee", while the beneficiary under the note remained TAYLOR BEAN & WHITAKER MORTGAGE CORP.

42. Per the assignment of Mortgage, MERS only assigned the mortgage and not the note.

43. Plaintiff alleges the Loan has been converted to a security and the note and mortgage have been permanently severed, thereby voiding the mortgage.

44. Plaintiff alleges that while Paragraph 20 of the mortgage does indicate the mortgage and note may be sold, Paragraph 20 specifically states that the mortgage and note would be transferred together, not separately. This breach of contract voids the Mortgage and Note.

45. Plaintiff alleges the note and mortgage are claimed to be owned by at least three separate entities, TAYLOR BEAN & WHITAKER MORTGAGE CORP, recorded as the Lender of the mortgage with MERS recorded as Nominee-Mortgagee-Agent, CENLAR FSB, FREDDIE MAC and the "Pool" (certificate/bond holders) owning the certificates/bonds of the Note. Plaintiff alleges Defendant MERS, cannot assign an enforceable mortgage as none of the Defendants, TAYLOR BEAN & WHITAKER MORTGAGE CORP, FREDDIE MAC or CENLAR FSB own or possess the Note.

46. Plaintiff alleges MERS is SOLELY an electronic recording entity and has no authority to transfer or assign any documents on its own authority by its own employees and is similar in nature as the Office of the Recorder of Deeds, with the exception that MERS is a private corporation and the transfers are hidden from the public.

47. Plaintiff alleges Defendant MERS cannot assign an enforceable mortgage or that Defendants, FREDDIE MAC or CENLAR FSB own or possess the Note.

48. Plaintiff alleges MERS does not qualify as a "Mortgagee":

> "Mortgagee" includes any person, partnership, association, corporation, society, organization or fiduciary, holding a mortgage against real estate in a city or county of the first class, and entitled to payment of the mortgage debt, or the heir, legal representative, successor or assignee of any of the foregoing."

### RECORDING FRAUD

49. Plaintiff re-allege and affirms each preceding paragraph of this Complaint and incorporate such as if alleged anew.

50. Plaintiff alleges MERS cannot now assign the Mortgage without the authority of its Principal, which agency expired, when the Mortgage Loan was transferred.

51. Plaintiff alleges that if the Mortgage was assigned when the loan was transferred, it is now void, as all assignments must be in writing and recorded by Florida statutes, *Fla. Stat.* §§§ 679.2031, 679.3011, 679.3121(5) and the Uniform Commercial Code 9-312(e) requires recording within 20 days to perfect the assignment of a lien Plaintiff alleges any written assignment from MERS, FREDDIE MAC or CENLAR FSB dated after January 7, 2009 would be fraud and being recorded would be recording fraud. (Attached hereto and made apart hereof Exhibit D).

### NOTE AND MORTGAGE HAVE BEEN ILLEGALLY SCRUTINIZED WITHOUT NOTICE TO PLAINTIFF AND ANY OBLIGATION TO DEFENDANT'S HAS BEEN SATISFIED

52. Plaintiff re-allege and affirms each preceding paragraph of this Complaint and incorporate

such as if alleged anew.

53. Plaintiff alleges that the loan has been converted into securities outside permissible usage of the mortgage and note, defrauding the Plaintiff, breaching the contracts and voiding the note and mortgage.

54. Plaintiff alleges this unlawful conversion has resulted in monies being owed Plaintiff from said conversion, defrauding the Plaintiffs of earned funds against the mortgage balance. The evidence that Defendant, FREDDIE MAC, is involved with the Loan, is sufficient to ascertain that the note is securitized into a trust. This breach of contract voids the Mortgage and Note.

55. Plaintiff alleges they signed a NOTE which has already been paid by the investors. The investors received a bond or certificate having no contract with the Plaintiffs for repayment. The Mortgage contract does not address bonds or certificates, nor does it indicate securitization of the Loan. The LENDER has been paid and has suffered no loss. As the Note has been paid, the Mortgage is unnecessary. Plaintiffs request that Defendant record a satisfaction of mortgage pursuant to Fla. Stat. § 701.04(2).

56. Plaintiff alleges a null security agreement slanders and clouds title in Florida.

## QUIET TITLE UNDER FLORIDA STATUTES SECTION 65.061

57. Plaintiff re-allege and affirms each preceding paragraph of this Complaint and incorporate such as if alleged anew.

58. *Mattison v. Homecomings Financial, LLC* states, "Plaintiffs...allege that the uncertainty as to who holds or owns the Note and Mortgage prevents negotiations with the owner of said Note and Mortgage, and creates a cloud on the Property in Controversy...These assertions meet the minimum level of factual support for Plaintiffs' Amended

Complaint..." *Mattison v. Homecomings Financial, LLC*, (U.S.D.C. M.D. FL 2012 WL 2589351). In *Mattison* the court sided with the Plaintiff in affirming that a cloud on title is present when whoever holds the original Note is being questioned. This is exactly what the Plaintiff in this case alleges as the purported Assignment of Mortgage that Defendant claims as a valid interest is void. This brings into question the Defendant's validity or invalidity to claim interest in Plaintiff's title of the property in question. Furthermore, Plaintiff has shown his valid interest in title by the Warranty Deed granted to them. These are the two requirements for a quiet title cause of action, which Plaintiff has shown.

59. According to the BORROWER'S COVENANTS in the Mortgage Document, "Borrower must "defend generally the title to the Property against all claims and demands, subject to any encumbrances of record."

60. As a result of the aforementioned facts, Plaintiff is unsure as to the owner of the subject Note and Mortgage, and accordingly as to whom payments are owed, if any is entitled to a judgment of quiet title per Florida Statutes Section 65.061(2).

## DECLARATORY JUDGEMENT

61. This is an action for declaratory judgment.

62. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 87 above.

63. As a result of the aforementioned facts, Plaintiff is unsure as to the owner of the subject Note and Mortgage, and accordingly as to whom payments are owed, if any.

64. There is a bona fide, present, practical need for a declaration as Plaintiff is unsure whether Defendants have any rights to obtain payment as a result of the failure to comply with the

obligations under State and Federal law regarding transfer of the loan documents for which Defendants have already received payment.

65. The declaration sought deals with a present, ascertained, or ascertainable state of facts or controversy as to a state of facts, namely who, if anyone, validly owns and holds the Note and Mortgage, and whether and of these loan documents have been satisfied.

66. The rights of the Plaintiff are dependent on the facts or the law applicable to the facts.

67. The Defendants have, or reasonably may have or claim, an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or in law.

68. The antagonistic and adverse interests are all before the court by proper process, and the relief sought is not merely the giving of legal advice by the Court nor is the answer sought to questions propounded from curiosity.

**WHEREFORE**, Plaintiff has been damaged by the cloud on the title of his property, making it difficult if not impossible to sell the property with title insurance. Plaintiff respectfully requests that this Honorable Court find in his favor and enter an Order to Quiet Title and final judgment that the defendants and its successors and assigns be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the Plaintiff set forth in this complaint, damages, and any other relief the Court deems appropriate.

Respectfully submitted,

_____/s/_____
Kelley A. Bosecker
Attorney at Law
1400 Gandy Boulevard, #706
St. Petersburg, Florida 33702
813-334-1745